298 So.2d 481 (1974)
REAL ESTATE MARKETERS, INC., Appellant,
v.
Heul E. WHEELER, As Receiver for W. W. Boucher, Inc., et al., Appellee.
No. U-365.
District Court of Appeal of Florida, First District.
August 8, 1974.
*482 James C. Truett, Madigan, Parker, Gatlin, Truett & Swedmark, Tallahassee, for appellant.
Rivers Buford, Jr., Graham, Buford, Vossler & Schoditsch, Tallahassee, for appellee.
BOYER, Judge.
This case has its genesis in a receivership proceeding involving a building contractor, W.W. Boucher, Inc., who was placed in receivership by order of the Circuit Court of Leon County. During the course of the proceedings the appellant, Real Estate Marketers, Inc., filed a motion for permission to intervene in the proceedings in order to have resolved a controversy which had arisen between appellant and the receiver relative to a real estate commission claimed by appellant.
The facts are not in controversy.
*483 Before institution of the receivership proceedings, W.W. Boucher, Inc. listed for sale with appellant a parcel of improved property. Through the efforts of appellant a contract was secured whereby a Mr. and Mrs. McDaniel agreed to purchase the property for the sum of $32,500. The contract was accepted by Boucher. Although the contract recites a real estate commission to be paid to the broker it is silent as to the amount. Mr. Boucher, president of W.W. Boucher, Inc., testified that there was a discussion between him and one of appellant's agents concerning the commission to be paid; that appellant insisted that the commission be ten percent but that he himself did not recall that he actually agreed to that amount. He further testified that it was his own impression that at the time the contract was entered into appellant expected such a commission.
The purchase and sell contract between W.W. Boucher, Inc. and Mr. and Mrs. McDaniel was still executory at the time of the commencement of the receivership proceeding.
The trial court's order appointing the receiver carefully and specifically delineated his duties and responsibilities. Among other things, he was authorized to either accept or reject "previously executed contracts of sale." Upon closing any sales the receiver was directed to "pay the costs of closing said sale as are properly allocated to the seller under the contract for sale."
Pursuant to the authority vested in him by the court's order, the receiver determined to go ahead with the sale under the contract which had been negotiated by appellant. The parties to this appeal then engaged in a series of conversations relating to the amount of commission which would be paid to appellant. At those conferences there were discussions regarding the receiver giving appellant an exclusive listing on all of the Boucher properties at a three percent commission, except as to the subject property for which a five percent commission was to be paid. Appellant agreed to accept a five percent commission if he were given the exclusive listing on all of the Boucher property. The receiver ultimately decided against giving appellant an exclusive listing on all of the Boucher properties, therefore it is apparent that the negotiations and conversations were for naught.
The sale of the property giving rise to this controversy was concluded in September of 1972. At that time, due to the parties being unable to agree on the amount of the commission that was due, the sale was concluded under an agreement that the full ten percent commission would be held in trust by appellant until the controversy was concluded.
Following a hearing subsequent to appellant being permitted to intervene in the receivership proceeding, the trial court held that appellant was entitled to a commission of only five percent. It is from that order that this appeal was taken.
In his order, the trial judge recited, citing Athanason v. Hubbard, Fla. App. (2d) 1969, 218 So.2d 475, that generally, a receiver is not obligated to carry out the executory contracts of the owner of the estate being administered unless he elects to be bound thereby. In so holding he was imminently correct. However, he went on to hold that the receiver has the option of determining whether or not he would bide by the contract with the broker with regard to the amount of the commission to be paid. In that holding he erred.
In 66 Am.Jur.2d, Receivers, § 227, appears the following:
"* * * Although a receiver can reject such a contract [executory], he cannot impair it as between the parties thereto without giving rise to a cause of action for damages for the breach. Such damages are enforceable in an action against a surety on a bond conditioned on performance of the contract."
In other words, a receiver does indeed have the option of either accepting or rejecting *484 executory contracts. However, once having elected to accept a contract, he is bound thereby. While he may pick which contracts he will honor, he may not pick which parts of a contract he will honor. Accordingly, the receiver once having elected to accept and execute the contract between W.W. Boucher, Inc. and Mr. and Mrs. McDaniel he was bound to pay the real estate commission incident thereto.
Having so determined, the next step (and the next issue to be resolved by us on this appeal) is whether the contract required a commission of ten percent. We find that it did.
Although, as above stated, the contract is silent as to the amount of commission to be paid, it is uncontradicted that prior to the execution of the contract appellant insisted upon a commission of ten percent. Mr. Boucher denied having agreed to that sum but he admitted that appellant insisted upon such and that he was fully aware that appellant was expecting that amount. With that knowledge Mr. Boucher executed the contract and with the same knowledge the receiver accepted same. When one party to a contract clearly and unequivocally expresses the conditions thereof precedent to his performance, prior to the consummation of the contract, and the other party stands mute while the first party performs, the second party may not thereafter disavow nor avoid such conditions. As an example, a car owner may not seek out a mechanic to repair his automobile, be told by the mechanic that the repairs will cost $100, stand silently by while the repairs are being accomplished and then drive away claiming that the mechanic is only entitled to $50.
In short, remaining silent or failing to protest, knowing that another party is relying thereon, may by acquiescence be treated as agreement.
We feel it desirable to point out that we are not here concerned with the parol evidence rule. First, neither party has raised same and secondly that rule is not applicable under the factual situation of this particular case.
In the order appealed the trial judge further recited that even were appellant entitled to a ten percent commission then the claim of appellant would be that of a general creditor. Such recitation is inaccurate. It is clear from the court's order empowering the receiver to proceed that the subject commission would be considered a cost to be borne by the seller. It is equally clear that both parties so interpreted the contract and the court's order, and relied thereon.
Inasmuch as the record reveals that the ten percent commission is reposed in appellant's escrow account we see no need for further directions; being confident that the matter will now proceed consistent with our views as herein expressed.
Reversed.
SPECTOR, Acting C.J., and JOHNSON, J., concur.